S/N/I

RELATED DDJ

Gennady Dolzhenko
P. O. Box 10344
Burbank, CA 91510

**Attorney for:** Plaintiff in pro per

FILED
CLERK, U.S. DISTRICT COURT
6/11/24
CENTRAL DISTRICT OF CALIFORNIA
BY: ___eee___ DEPUTY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENNADY DOLZHENKO,<br>　　　　　　　　PLAINTIFF<br>VS.<br>LILIA GARCIA-BROWER, in her official capacity as Labor Commissioner for the State of California and in the individual capacity, STATE OF CALIFORNIA, STEVEN WEGNER, in the individual capacity, CRISTINA ZAMORA, in the individual capacity, and DOES 1-3, inclusive,<br>　　　　　　　　DEFENDANTS | **Case No.:** 2:24-CV-05145-JAK-SK<br><br>**COMPLAINT FOR DAMAGES FOR:**<br><br>1. Civil Rights Violations of 42 USC Sect. 1983 ( 5th and 14th Amendments)<br>2. Failure to Discharge Mandatory Duty pursuant to the state law (Cal. Gov. Code § 815.6) |

Plaintiff alleges as follows:

## JURISDICTION AND VENUE

1. Plaintiffs sue for violation of civil rights pursuant to 42 U.S.C. Sect. 1983. This Court has subject matter jurisdiction over the claims raised herein pursuant to California Constitution Article VI, section 10, which grants this Court "original jurisdiction in all causes except those given by statute to other trial courts" and pursuant to the Supremacy Clause of Article VI of the U.S. Constitution.

**COMPLAINT FOR DAMAGES**

2. Venue is proper under 28 U.S.C. Sect. 1391(b) because the underlying acts and injuries, upon which the present action is based, occurred in the Central District. This Court has jurisdiction in the matter because jurisdiction is founded on 28 U.S.C. Sections 1331 and 1343, and 42 U.S.C. Sect. 1983. Injunctive relief is authorized pursuant to 28 U.S.C. Sections 2201 and 2202.

3. Plaintiffs also sue for state law claims subject to the California Tort Claims Act, California Government Code Sect. 810 et seq.

4. At all relevant times hereto, Defendants were acting under the color of state law. Defendants are sued in their individual and official capacities.

5. Defendants either are entities within this judicial district within California or individuals residing in the State of California.

6. Venue is proper for this Court since the acts and omissions giving rise to Plaintiff's claim occurred in the County of Los Angeles.

## THE PARTIES TO THIS ACTION

7. Plaintiff Gennady Dolzhenko is, and at all times relevant to the facts herein was, individual residing in the County of Los Angeles, California and Plaintiff resides in the Central District of California.

8. Defendant Garcia-Brower is the Labor Commissioner for the State of California and Chief of the Division of Labor Standards Enforcement ("DLSE") of the Department of Industrial Relations for the State of California. (Labor Code §§ 21, 79.)

9. Defendant State of California is, and at all times mentioned herein was, a sovereign state of the United States of America.

10. At all times mentioned herein, defendants Wegner and Zamora were employees of defendant Labor Commissioner for the State of California and in doing the acts hereinafter described acted within the course and scope of their employment. At all relevant times herein, C. Zamora was a hearing officer of the DLSE. S. Wegner was a Regional Manager.

11. Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOES 1-3, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained.

12. At all times herein mentioned, defendants DOES 1-3, inclusive, were the agents, servants, and employees of their codefendants, and in doing the things hereinafter alleged were

1  acting in the scope of their authority as such agents, servants, and employees, and with the
2  permission and consent of their codefendants.

### FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS
### VIOLATION OF PLAINTIFFS' CONSTITUTIONAL DUE PROCESS RIGHTS GUARANTEED BY THE FIFTH AND FOURTEENTH AMENDMENTS OF THE CONSTITUTION OF THE UNITED STATES

**13.** The Labor Commissioner's Office held plaintiff's case No. WC-CM-622753 for almost **FOUR (4) YEARS (1, 400 DAYS)** instead of performing a mandatory duty and conducting "<u>the hearing within 90 days of the date of that determination</u>" (Lab. Code Sect. 98(a). Plaintiff Gennady Dolzhenko was deprived of the amount of **$12,352.23** consisting of minimum wages and penalties allowed by law.

14. **The face of June 09, 2022 Notice of Dismissal clearly demonstrates that the Dismissal violates Plaintiff' constitutional Due Process rights (**see Exh. 2). **Defendant Zamora unlawfully signed the Notice of Dismissal committing FRAUD..** Zamora's UNLAWFUL AND FRAUDULENT Notice of Dismissal of June 09, 2022 **FALSELY** states **ON THE FACE** (see Exh. 2)**:**

> "The above entitled matter came before the Labor Commissioner of the State of California, pursuant to the provisions of Sect. 98 of the Cal. Labor Code, and **all parties were duly served with the Notice of Hearing.**"

This is **FALSE** that "<u>all parties were duly served with the Notice of Hearing.</u>**"** The Notice of Dismissal of June 09, 2022 demonstrates defendants S. Korytek and L. Kargina in the Section "DEFENDANT" on the top of the Notice of Dismissal (see Exh. 2). Defendants S. Korytek and L. Kargina **COULD NOT** know about the June 09, 2022 remote hearing since these defendants were **NEVER SERVED** with the Notice of Remote Hearing (for June 09, 2022 hearing) **by the DLSE**. The DLSE **NEVER SENT the Notice of Remote Hearing (for June 09, 2022 hearing) to defendants Korytek and Kargina** (see Exh. 3). **Defendans S. Korytek and L. Kargina are NOT listed in the Certification of Service of the Notice of Remote Hearing (for June 09, 2022 hearing) attached as Exh. 3.**

**THEREFORE, the case was NOT ready for the remote hearing improperly set for June 09, 2022 since the DLSE DID NOT serve defendants Korytek and Kargina before the DLSE could proceed with the June 09, 2022 remote hearing.**

**COMPLAINT FOR DAMAGES**

15. Defendant Zamora, who signed the Notice of Dismissal of June 09, 2022, violated the Labor Code Sect. 98, subdivisions (a) and (b), and Due process of law UNLAWFULLY AND FRAUDULENTLY dismissing this case.

16. On June 09, 2022, Zamora UNLAWFULLY AND FRAUDULENTLY dismissed this case indicating the FALSE reason for the dismissal as "due to plaintiff's failure to attend the scheduled hearing." The **REMOTE (TELEPHONIC)** hearing was set by the DLSE. In fact, in Plaintiff's June 17, 2022 Request to Vacate the UNLAWFUL AND FRAUDULENT Dismissal and in accompanying Declaration, Plaintiff wrote that, on June 09, 2022, around 9 a.m., he called for a remote hearing, but nobody answered. Moreover, he submitted numerous documents and declarations (Attn: Hearing officer whose name was made a secret) **BEFORE** the hearing to which Plaintiff never received a response.

17. On June 17, 2022, Plaintiff addressed his Request to Vacate the Unlawful and Fraudulent Dismissal to C. Zamora who signed the June 09, 2022 Notice of Dismissal. As of this date, Zamora **NEVER** provided her response to Plaintiff's June 17, 2022 Request to Vacate the Unlawful and Fraudulent Dismissal of June 09, 2022.

**THE LABOR CODE SECT. 98(b) DOES NOT ALLOW TO CONDUCT A REMOTE (TELEPHONIC) HEARING.**
**THE LABOR CODE SECT. 98(b) MANDATES AN IN-PERSON FORMAL HEARING.**

18. **L. GARCIA-BROWER, STATE LABOR COMMISSIONER, IS COVERING UP FRAUD, VIOLATIONS OF DUE PROCESS RIGHTS, OBSTRUCTION OF JUSTICE AND DEPRIVATION OF CITIZENS (CLAIMANTS) OF THEIR MINIMUM WAGES COMMITTED BY EMPLOYEES OF THE DLSE.** Numerous written correspondence (Complaints, letters, Requests, E-mails), describing facts of violation of Due Process rights, FRAUD, FALSIFICATION AND OBSTRUCTION OF JUSTICE, was sent to L. Garcia-Brower, State Labor Commissioner, but all plaintiff's Complaints, letters and Requests were ignored by Garcia-Brower, and he never received a response from her.

**SECOND CAUSE OF ACTION AGAINST ALL DEFENDANTS**
**Failure to Discharge Mandatory Duty (Cal. Gov. Code Sect. 815.6)**

**COMPLAINT FOR DAMAGES**

19. Plaintiff re-alleges and incorporates by reference the allegations contained in the paragraphs above as if fully set forth herein.

    The **State Case No. WC-CM-622753,** filed by Plaintiff Gennady Dolzhenko on August 13, 2018 and held in the Los Angeles Office of the Labor Commissioner for almost **FOUR (4) YEARS (1,400 DAYS)** in violation of the **mandatory** time requirements of Cal. Labor Code Sect. 98(a), was UNLAWFULLY AND FRAUDULENTLY dismissed by the DLSE on June 09, 2022 in violation of the Cal. Labor Code Section 98, subdivisions (a) and (b).

    Initial Report or Claim was filed by Plaintiff **on August 13, 2018**. The top of the Complaint (form WCA 55) of the case No. WC-CM-622753 demonstrates the date of filing "**08-13-2018**" (see Exh. 1). The Complaint demonstrates the total amount claimed "**$12,352.23**" (see Exh. 1). Notice of Dismissal of June 09, 2022 is attached as Exh. 2.

    The Labor Commissioner violated the **mandatory duties** of the Cal. Labor Code Section 98(a) which states the following**:**

    > "… **Within 30 days of the filing of the complaint**, the Labor Commissioner **shall** notify the parties as to whether a hearing will be held, …, or whether no further action will be taken on the complaint. If the determination is made by the Labor Commissioner to hold a hearing, **the hearing shall be held within 90 days of the date of that determination**. …"

    "**Shall**" is mandatory (See Labor Code Sect. 15).

    The Labor Code Sect. 98(b) states:

    > "When a hearing is set, a copy of the complaint, which **s**hall include the amount of compensation requested, together **with a notice of TIME AND PLACE OF THE HEARING**, **shall be** s**erved on ALL parties**, personally or by certified mail …"

    "**Shall**" is mandatory (See Labor Code Sect. 15).

    **THIS CASE WAS NOT READY FOR THE REMOTE HEARING IMPROPERLY SET FOR JUNE 09, 2022 SINCE THE DLSE NEVER SENT THE NOTICE OF REMOTE HEARING TO DEFENDANTS S. KORYTEK AND L. KARGINA BEFORE THE DLSE COULD PROCEED WITH THE REMOTE HEARING.**

**THE DLSE PLANNED THE UNLAWFUL DISMISSAL OF THIS CASE AND INTENTIONALLY DEPRIVED ME OF THE AMOUNT OF $12,352.23 CONSISTING OF MY MINIMUM WAGES AND PENALTIES ALLOWED BY LAW.**

The Labor Commissioner UNLAWFULLY dismissed this case so that to get rid of the backlog that was held **for YEARS**.

The Labor Commissioner is obligated to comply with the **mandatory duties** of the Labor Code Sections 98(a) and 98(b).

20. The Labor Code Sections 98(a) and 98(b) are intended to protect against the particular kind of injury that the plaintiff suffered.

21. On December 08, 2022, plaintiff presented to the State of California by mailing a claim by Certified Mail Return Receipt Requested to the Office of Risk and Insurance Management, Government Claims Program for the losses and damages suffered and incurred by him by reason of the above-described occurrence, all in compliance with the requirements of the Government Code Section 905.2. A copy of the claim is attached hereto as Exhibit 3 and made a part hereof. Certified mail receipts are attached as Exh. 4.

22. Defendant State of California never provided a response to Plaintiff's claim and failed to act on the claim.

**WHEREFORE**, plaintiff Gennady Dolzhenko prays judgment against defendants, and each of them as follows:

### FIRST CAUSE OF ACTION

(1) For compensatory damages in the amount of $12,352.23 against all defendants

(2) For punitive damages against individual defendants and DOES 1-10 in an amount to be determined at trial.

### SECOND CAUSE OF ACTION

(1) For compensatory damages in the amount of $12,352.23 against all defendants

(2) For punitive damages against individual defendants and DOES 1-10 in an amount to be determined at trial.

**ALL CAUSES OF ACTION**

**COMPLAINT FOR DAMAGES**

1. For costs of suit herein incurred; and

2. For such other and further relief as the court may deem proper.

By: _____ [*signature*]

Gennady Dolzhenko, Plaintiff

## VERIFICATION

I, Gennady Dolzhenko, am the plaintiff in the above-entitled action. I have read the foregoing complaint and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe it to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: June 07, 2024

Gennady Dolzhenko

**COMPLAINT FOR DAMAGES**